## DRIVER VS. JENKINS.

1. LIEN, BY PAROL: *Equity Jurisdiction.*
   One who furnishes money and supplies to another to make a crop, under a verbal agreement that he is to have a lien on the crop to be raised, of which he is in possession at the institution of the suit, acquires, in equity, a lien which that Court will enforce, there being no adequate remedy at law.

APPEAL from *Mississippi* Circuit Court in Chancery.
Hon.————, Circuit Judge.

The appellant.

The demurrer being general, could only put in issue the jurisdiction as based upon the facts as they appear in the bill. Gantt's Digest, section 4565. It admits the allegation of a lien. *State* v. *Stephenson,* 2d Ark., 260; *Keith* v. *Pratt,* 5 Ark., 661.

This gives jurisdiction for want of adequate remedy at law. See *Conway ex parte,* 4 Ark., 303; *Witter* v. *Arnett,* 8 Ark., 57.

*John C. Palmer,* for appellee.

Lien defined *2d Bouvier's L. Dict.,* 47. Verbal liens are only by bailment, parting with possession is fatal to it. *Barnett et al.* v. *Mason et al,* 7 Ark., 253.

WALKER, J.:

The appellant filed his bill in chancery to subject certain personal property to sale, to satisfy a debt of $678.77, for the payment of which he claimed to hold an express lien, by contract, upon the property for the payment of the same.

The defendant appeared and filed a demurrer to the bill upon the ground that the court had no jurisdiction of the matter set forth in the bill of complaint.

The court sustained the demurrer and proposed to transfer the case to the common law docket, but the plaintiff declined to make the transfer, and rested upon the sufficiency of his bill in a Court of Chancery, whereupon the court dismissed the case, and rendered judgment against the plaintiff for costs, from which judgment the plaintiff appealed.

No special grounds for demurrer were set forth. The sole grounds of demurrer was that the cause of action set forth in the bill was one of which a Court of Chancery had no jurisdiction.

The complaint was that the defendant was indebted to the plaintiff in the sum of $675.77 for supplies of provisions, goods and merchandise, and for money advanced—most of which was for supplies of provisions and money to pay for the hire of hands; that such supplies and money were advanced to enable the defendant to plant, cultivate and gather a crop for the current year of 1874; that at the time these advances of supplies and money were made, it was verbally but expressly agreed between the parties that complainant should have an absolute lien upon all of the crop to be raised on the plantation of plaintiff by defendant, until the supplies and money so advanced should be fully paid; that plaintiff has in his possession the crop so raised—three bales of cotton, worth $150, and two hundred bushels of corn, worth $200; that his debt remains unpaid, sets up his lien right to satisfaction out of the corn and cotton in his hands, and prays judgment for his debt, and that the cotton and corn may be sold to pay the same.

Conceding all this to be true as the demurrer does, the question is, has the plaintiff a right to equitable relief, or should he resort to a court of law for redress.

The plaintiff was entitled to the benefit of his specific lien by contract upon the cotton and corn, for the payment of his debt.

The common law court had no power to enfore the execution of the contract upon the crop raised, and it follows that the remedy in that court was not full and complete, and when such is the case, a court of equity has jurisdiction to give such adequate relief.

Liens may result from the rules of the common law ; may originate from usage ; may be created by statute; or may arise from the contract of the parties.   The lien rests upon the idea, that the party having it has a right in, or to, the property until his claim has been paid or satisfied by the owner of the property. Houck on Liens, 34, says : "a general lien is a right to retain all the property of another for a general balance of accounts, as where an agent advanced money at different times for his principal, he has a general lien on all of the goods of the principal in his hands.   A particular lien is a right to retain a thing for a charge on account of labor employed or expenses bestowed upon it."

Whitaker in his work on liens, page 8, says: "liens are either general or special ; a special or particular lien is a right to retain the property of another on account of labor employed or money expended upon the same property."

In the case under consideration, the plaintiff furnished to the defendant subsistence for himself and hands, whilst planting, cultivating and gathering in the crop, and also money with which to hire hands for that purpose.

This money and supplies were expended in making the crop, without which it might not have been made.   In many cases where labor is thus bestowed and money expended, the law

asserts a lien in behalf of the party who thus bestows labor or expends money upon the property, and to retain possession of it until paid. Statutes are passed in this and most of the States to protect mechanics and others in their right of lien.

In this case, the lien right is asserted under an express contract of lien upon the crop to be raised for the year 1874, on the plaintiff's farm, but as there was at the time that the contract was made no crop in existence, no lien could, at the common law, exist. In the case of *Apperson & Co,* v. *Moore,* decided at the present term of this court, we held that a mortgage on a crop to be planted and grown, was invalid at law, but that in equity such contract could be enforced; that although the crop had no existence when the deed was executed, still when afterwards the crop matured, the lien in equity attached to it.

Here there is a right without an adequate remedy at law. It is a maxim in equity that equity will not suffer a right to be without a remedy. This maxim is the foundation of equitable jurisdiction; because that jurisdiction had its rise in the inability of the common law courts to meet the requirements of justice. Bispham's Equity, page 46.

The same author at page 333 says: " sales of personal property to be acquired *in futuro,* which would not have been considered good under the strict rules of the common law, may be sustained in equity; so also mortgages of similar property, which would not be recognized in the courts of law, may be upheld in courts of equity." This authority is in strict conformity with our decision in *Apperson & Co.* v. *Moore,*

Yielding our full assent to the correctness of these authorities, we must hold that the complainant made a clear case in equity by his bill, and that the court below erred in sustaining the demurrer to it.

Let the judgment be reversed and the cause remanded for further proceedings,