LEE *v.* HELENA, PARKIN & NORTHERN RAILWAY COMPANY.

Opinion delivered October 29, 1917.

RAILROADS—INJURY TO TRESPASSER ON TRAIN.—A railway does not owe to a trespasser on its train the highest degree of care to avoid injuring him.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

1. Plaintiff was a passenger, and entitled to the same degree of care. He was an employee of the Lansing Wheelbarrow Company. 98 Ark. 514; 56 *Id.* 594; 79 Fed. 561.

2. Proof of injury makes a *prima facie* case of negligence, and the presumption was not overcome. 83 Ark. 217; 88 *Id.* 12; 87 *Id.* 308.

3. The facts should have been submitted to a jury upon an instruction of discovered peril. Kirby's Digest, § 6607; Kirby & Castle's Digest, § 8131; 56 Ark. L. Rep. 67; 88 *Id.* 490; 102 *Id.* 419.

*Appellee, pro se.*

Plaintiff was a mere trespasser. This was a timber road and did not carry passengers for hire. There was no evidence of what caused the wreck and no negligence was proven. 45 Ark. 246. See also 94 Ark. 566; 90 *Id.* 278; 107 *Id.* 93; 103 *Id.* 226; 101 *Id.* 532.

2. There is no evidence to support the theory of discovered peril. 107 Ark. 431.

HUMPHREYS, J.  George Lee, appellant, brought suit against the Helena, Parkin & Northern Railway Company, appellee, in the Cross County Circuit Court to recover damages on account of personal injuries received by him when thrown to the track from a wrecked car in a moving log train being operated by appellee from Parkin to Neeley's Lake in said county.  The material allegation in the complaint is that the track gave way under the train through the carelessness and negligence of appellee, thereby causing the wreck of the car upon which appellant was riding as a passenger.

Appellee denied that appellant was a passenger on its train or that the injury was the result of its carelessness or negligence.

The undisputed evidence disclosed that the train in question was not equipped to carry passengers for hire; that it was engaged exclusively in hauling freight; that its employees and those of the Lansing Wheelbarrow Company, for whom it hauled timbers, were permitted to ride in the cab to and from their work; that appellant was working for Captain Sisk, who told him that he was a foreman for the Lansing people; that Captain Sisk told him to ride to his work on the morning of April 27, 1916, on the train in question, so when it passed his house running about five miles an hour, he boarded the front car and rode there from a quarter to three-quarters of a mile when the wreck occurred, from which the injury resulted; that the train was being backed and the front end car, upon which appellant was riding, was the twelfth car from the engine; that while so riding, the brakeman boarded the same car but soon thereafter went forward and seated himself on the rear end of the coal tank for the purpose of sanding the track; that two of the employees of the Lansing Wheelbarrow Company saw appellant when he boarded the moving train; that when the wreck occurred, the engineer exclaimed that Bob Dixon, his brakeman, had been injured and directed the men to go back and get him; that it was against the rule of the company for any one to ride on the log cars except the

employees of the two companies aforesaid, who were permitted to ride in the cab; but that the employees of said companies were frequently seen by appellant riding on the cars; that there appeared on many, if not all the cars, a notice to keep off.

There are other facts and circumstances in the case not necessary to detail in passing upon the points argued by appellant in his brief. It may be well to state that no evidence was adduced tending to show any negligence on the part of appellee in the operation of its train or that any defects existed in the track or cars.

A demurrer to the sufficiency of the evidence was sustained by the court, and an instructed verdict was returned in favor of appellee, upon which judgment was rendered dismissing the complaint. An appeal has been prosecuted to this court.

Appellant contends, first, that he was a passenger by permit when injured and entitled to the same degree of care as a passenger for hire; second, that proof of the injury established a *prima facie* case of negligence against appellee; third, that he is entitled to recover under the doctrine of discovered peril.

Appellant insists that he was entitled to ride the train by virtue of authority obtained from his foreman, Captain Sisk. It nowhere appears in the evidence that Captain Sisk had any authority to direct appellant or any one else to ride on the train. He was not an employee of appellee. If an employee of the Lansing Wheelbarrow Company, it was only established by hearsay evidence. No one was permitted to ride except employees of appellee and the Lansing Wheelbarrow Company. We do not think appellant sufficiently connected himself with either company to claim the right of a passenger; in other words, the undisputed evidence clearly places him in the category of trespassers.

Not being a passenger, it follows that appellee did not owe appellant the highest degree of care consistent with the practical operation of the train. In the recent case of *St. Louis Southwestern Railway Company* v. *Mc-*

*Laughlin,* 129 Ark. 377, in passing upon the duty which a railroad company owed a trespasser, this court said: "* * * And the servants of the company owed him no duty, save the exercise of ordinary care to avoid injuring him after discovering his perilous situation." The same rule was announced in the case of *St. Louis S. W. Ry. Co.* v. *Bryant,* 81 Ark. 368. In the instant case, the evidence does not show that the servants of appellee failed to exercise ordinary care in the operation of the train after discovering appellant on the car. On the contrary, the train was being operated at a low rate of speed. No one who testified knew what caused the wreck. It seems to have been an accident pure and simple. Appellant assumed the risks incident to the ordinary operation of the train.

No error appearing, the judgment is affirmed.

