ARKANSAS CONSTRUCTION COMPANY v. PIDGEON-THOMAS
IRON COMPANY.

Opinion delivered January 31, 1927.

TRIAL—TRANSFER OF CAUSE—DISCRETION OF COURT—Whether to trans-
fer a cause in chancery to the law court is a matter within the
court's discretion where the motion was made after the cause was
submitted and a decree had been pronounced but not entered.

Appeal from Jefferson Chancery Court; *H. R. Lucas,*
Chancellor; affirmed.

*Rowell & Alexander,* for appellant.

McCulloch, C. J.   Appellant, Arkansas Construc-
tion Company, under contract with Special School Dis-
trict of Pine Bluff, constructed additions and improve-
ments to two separate school buildings in the city of
Pine Bluff, and the other appellant, the Ætna Casualty
and Surety Company, became surety on the bond of the
contractor.   Appellee, a foreign corporation, doing busi-
ness in Memphis, Tennessee, furnished the structural
iron and steel building material used by the Arkansas
Construction Company in the performance of the con-
tract, and this is an action instituted by appellee to
recover the amount of balance alleged to be due.   The
total bill of the material furnished by appellee was
$1,428.08, and, after allowing certain credits, not now in
dispute, appellee recovered below the sum of $607.69.
The action was instituted and tried in the chancery court.
Appellants filed an answer, and went to trial without
objection to the cause having been instituted in the chan-
cery court, but, several days after the cause had been
submitted to the court and decree had been pronounced,
but before entry of the decree, appellants filed a motion
to transfer the cause to the law court, on the ground
that the court of equity had no jurisdiction.   This was
overruled, and decree entered, and an appeal duly pros-
ecuted.

It is first contended that the court should have sus-
tained the motion to transfer, even though it was filed
after the court had announced its decree.   We cannot

agree with counsel, for the motion came too late. It should have been presented before the submission of the case to the court, and especially before judgment had been pronounced. Of course, the court, even after pronouncing decree, could have set aside the same and granted the motion, if proper, but it was a matter of discretion with the court whether it would entertain the motion at that late date, hence we cannot say there was any abuse of discretion, after permitting the case to go to judgment. It is unnecessary to say whether or not the motion should have been granted if presented in apt time.

The only other question involved on the appeal relates to the amount of recovery. There is a dispute as to the terms of the contract between the parties and as to the prices to be paid for the material. Appellee contends that the aggregate contract price was $1,428.08, but appellants contend that the total price was $1,099.65, and admitted liability for a balance of $390. Appellants made a tender of that amount, which tender was refused. The inquiry therefore turned on questions of fact, and there was a conflict in the testimony. The testimony adduced by appellee was to the effect that the agent handling the matter for appellee, as salesman, entered into an agreement to furnish the material at reasonable prices, it being impossible to specify, in advance, the quantity of material and the prices. On the other hand, the contention of appellants was that appellee agreed to furnish the material "as low as anybody in Pine Bluff," and not exceeding a bid which the construction company had already received from a dealer in Pine Bluff, who had offered to furnish the material at an aggregate price of $1,099.65.

The court found in favor of appellants, that the contract was that appellee was to furnish the material for prices not exceeding the bid therefor which the construction company then had from the Pine Bluff Iron Works.

The court also found from the testimony that the bid of the Pine Bluff Iron Works "was incomplete, in that

it did not include all of the iron and steel which was used in the buildings.''

It appears from the testimony also that, after the buildings were completed, or rather, after all the material had been furnished, appellee's agent presented a bill, specifying all the items, with prices extended on the bill, to the manager of the construction company, and that the latter agreed to pay the bill, and placed his O. K. thereon. The manager testified on behalf of appellants, and admitted that he placed his O. K. on the bill, stating that the prices were not marked thereon, and that he only approved the list of material furnished. There is a sharp conflict on this point between the agent of appellee and the manager of the construction company. But we are unable to say that the findings of the chancery court were against the preponderance of the evidence.

Decree affirmed.