Southern Surety Company v. Pfeifer Stone Company.

Opinion delivered December 5, 1927.

1. Trial—right to transfer of cause—waiver.—Treating defendant's demurrer to the court's jurisdiction of equity as a motion to transfer the cause to the law court, defendant waived its right to a transfer by not insisting upon a ruling thereon before the final determination of the case.

2. Equity—garnishment of commissioners of improvement district.—A complaint in an action against the commissioners of an improvement district and the surety on the contractor's bond for materials furnished the contractor, alleging that the commissioners had money belonging to the contractor and that the contractor was insolvent and seeking to impound money in the commissioners' hands by garnishment, gave the court of equity jurisdiction.

3. Municipal corporations—improvement district—liability of contractor.—Where a contractor agreed to remove dirt and sprawls in procuring crushed stone, in return for a rebate on the purchase price of the stone, the cost of removing the dirt and sprawls by the seller on the contractor's default constituted part of the purchase price of stone furnished and was recoverable from the contractor's surety under bond covering labor and materials furnished.

Appeal from Independence Chancery Court; *A. S. Irby*, Chancellor; affirmed.

*S. M. Casey*, for appellant.

*McCaleb & McCaleb*, for appellee.

Kirby, J.   This appeal comes from a judgment for appellee against the surety company on the contractor's bond for the price of crushed stone furnished the con-

tractors and used by them in the construction of the improvement in Paving and Guttering District No. 4 in the city of Batesville.

Suit was brought by appellee against the Kearney Construction Company, the commissioners of the improvement district and the appellant company, surety on the contractor's bond, for the price of crushed stone alleged to have been purchased from appellee for use in the construction of the improvement, in the sum of $1,187.50, as stated on account in Exhibit A to the complaint, as follows:

EXHIBIT A.

"Pfeiffer Stone Co. in account with Kearney Construction Company.

"For materials sold to Kearney Construction Company during the months of October, November and December, 1925, and used in the construction of Paving and Guttering District No. 4, Batesville, Arkansas.

"To balance due for purchase price of stone:

3,229 cubic crushed stone at 30c............................................$  322.90
Removing 1,082 cubic yards mixed dirt and stone
    and being a part of purchase price of said
    stone above mentioned, at 80c per cubic yard    865.60

Total ....................................................................................$1,187.50

This stone is alleged to have been furnished under a contract of purchase attached to the complaint as Exhibit B.

It was alleged that the contractors had abandoned the work, and failed or refused to pay appellee for said materials furnished; that same were furnished under the written contract; that, "under said contract, all amounts sued for herein are a part of the purchase price of said materials so furnished and for which defendants and each of them are liable"; that the surety company, as bondsman, was liable to the payment of the full amount claimed; that the commissioners of the district have in their hands moneys, credits and effects belonging to the contractors for portions of the improvement entirely

completed and in use by the public, in the sum of $2,000, upon which plaintiff was entitled to a lien; and that the contractors are insolvent, and, unless the amount owing plaintiff was impounded in the hands of the commissioners, it would suffer irreparable loss; that it was entitled to have writs of garnishment issued to said commissioners on said funds impounded in their hands, and that it had no adequate remedy at law.

Appellant filed a general demurrer to the complaint, and also demurred to the jurisdiction of the court, and, without waiving its demurrer, answered, admitting the execution of the bond and denying any indebtedness due from the contractors to the appellee and any liability on its part under the terms of the bond for the payment of any of the alleged indebtedness.

The commissioners also demurred to the complaint and the jurisdiction of the court, and, reserving the demurrer, answered, denying that the district was indebted to the contractors in any sum whatever and that they had in their hands any moneys, credits or effects belonging to said contractors.

J. A. Pfeiffer, the general manager of appellee company, the only witness who testified, stated that he made the contract with the Kearney Construction Company, Exhibit B to the complaint, and furnished the stone used in the paving in the district in Batesville, and that the amount claimed, $1,187.50, was still due therefor, with interest; that the stone company first thought about moving the dirt and furnishing the crushed stone for 75c a yard, but the contractors finally agreed to move the dirt and sprawls from the locality, and pay 10c a yard for the stone crushed; that they failed to move 1,082 cubic yards of dirt and sprawls, which would cost 80c a yard to move, and to pay 10c a yard on 3,229 cubic yards of crushed stone; that the other element of the purchase price of the stone, being the removal of the dirt and sprawls they failed to remove, at a cost of 80c per yard. Said appellee was willing to let the defendants remove the dirt and sprawls and allow a credit of $856.60 therefor on the account.

The contract provides: "It is agreed that the stone to be used for crushing shall be removed by lessee from the north end of the quarry upon what is known as the 'F' ledge, and which has been pointed out to lessee, and to dispose of all sprawls, dirt and refuse from said ledge so as not to hinder further quarrying operations of lessors."

The bond was conditioned that the construction company keep and perform each and all covenants and undertakings of said contract, "and shall pay for all labor and material employed and used for the purpose of carrying out the said contract," and was made expressly for the use and benefit of all persons who performed labor or furnished labor and materials under the contract, giving them a right to sue thereon.

The court found that there was due the stone company, as shown by the account sued on, $1,187.50, as the purchase price of the stone furnished by it and used in the construction of the improvement in said district, and that it was entitled to a lien therefor in the said sum, and, under the terms of the bond, the surety company was liable to the payment thereof, and entered a decree accordingly, from which this appeal is prosecuted.

It is insisted that the court had no jurisdiction of the cause, and that it erred in holding the bonding company liable for the estimated cost of the removal of the mixed dirt and stone, which, it is claimed, was not covered by the bond, and also that the 10c per yard for the crushed stone was, in effect, pay for the use of machinery leased to the contractors, for payment of which the sureties on the bond were not liable.

Treating appellant's demurrer to the jurisdiction as a motion to transfer the cause to a law court, it waived its right to such transfer by not insisting upon a ruling thereon before the final determination of the case. *Arkansas Construction Co.* v. *Pidgeon-Thomas Iron Co.,* 172 Ark. 721, 291 S. W. 57, 28 L. R. 445; *Newell Contracting Co.* v. *McConnell,* 156 Ark. 558, 246 S. W. 854; *Hayes* v. *Bishop,* 141 Ark. 155, 216 S. W. 298; *Goodrum* v. *Mer-*

*chants' & Planters' Bank,* 102 Ark. 326, 144 S. W. 198, Ann. Cas. 1914A, 511.

The plaintiff sought by proper allegations of the complaint to subject the money alleged to be due the contractors from the paving district for the portion of the improvement completed to the payment of its claim for materials furnished and used in making the improvement by equitable garnishment, which would have given the court jurisdiction to hear and determine the question. *Arnold* v. *Oliver,* 152 Ark. 47, 237 S. W. 425; *Sims* v. *Hammons,* 152 Ark. 616, 239 S. W. 19; *Murray* v. *Rapley,* 30 Ark. 120.

The undisputed testimony shows that the amount of crushed stone as charged for was furnished and used in the construction of the improvement by the contractors, and, in the opinion of the majority, the cost of removing the dirt and sprawls in procuring the stone agreed to be done by the contractors was necessarily a part of the purchase price of the stone actually furnished and used in the improvement for the balance due, upon which appellant, as surety on the bond, was liable to the payment, and no error was committed by the trial court in so holding.

The decree is affirmed.