PONDER *v.* JEFFERSON STANDARD LIFE INSURANCE COMPANY.

4-4803

Opinion delivered November 8, 1937.

*Trieber & Pope,* for appellant.
*Owens, Ehrman & McHaney,* for appellee.

BUTLER, J.   The appellee insurance company instituted this proceeding in the Pulaski chancery court against the appellant, Nora D. Ponder, to recover judgment in the sum of $2,329.90, and caused to be issued out of that court a writ of garnishment directed to the Hercules Life Insurance Company thereby impounding in the hands of that company such moneys as might be due by it to the appellant, Nora D. Ponder.   The com-

plaint, as finally amended, alleged in brief that Edgar T. Ponder, in his life-time, had procured from appellee certain life insurance policies in the aggregate sum of $15,-000 which were issued in reliance upon the truth of the statements made in the insured's application, and that the premiums charged him were in accordance therewith; that the insured died on December 7, 1935, and proofs of death were made and submitted by appellant who was the beneficiary named in the said policies; that, relying upon the statements made by the beneficiary in the proofs and those made by insured in his application, appellee paid the beneficiary the face of the policies less certain indebtedness due by the insured to it.

It was further alleged that each of the policies provided that if the insured's age had been misstated, the only sums payable upon the death of the insured would be the amount which the premiums he paid would buy had his age been correctly stated; that the insured, in his application, and the beneficiary, in the proofs of death, knowingly, fraudulently and falsely misstated the date of insured's birth as December 24, 1882, when, in fact, the true date was December 24, 1878; that relying upon the statement and in ignorance of its falsity, appellee paid the appellant the face of said policies less the indebtedness due which was $2,329.90 more than the sum to which she was entitled. The complaint alleged further that appellee had no adequate remedy at law, that the Hercules Life Insurance Company was indebted to appellant, and concluded with a prayer for judgment in the sum above named with interest and for writ of garnishment, and that the garnishee be required to pay into the registry of the court so much of the money it held for the appellant as would satisfy the demands of appellee.

The garnishee answered admitting that it was indebted to the appellant in the sum of $8,733.42.

After the final amendment to the complaint and the response of the garnishee, the appellant, on June 15, 1937, filed two pleadings; one, a motion to dismiss the garnishment and, the other, a demurrer to the jurisdiction

and motion to transfer to a law court. The trial court overruled the appellant's motion to dismiss and the demurrer and motion to transfer to law, and, the appellant declining to plead further, judgment was rendered against her and the garnishee in the sum sued for with interest and costs. To this action of the court separate and several exceptions were saved and an appeal prayed and granted.

1. The motion to discharge the garnishment is based upon the provision of act No. 102 of the Acts of 1933, which act became effective on March 16 of that year. Except as to a retroactive application, this act has been held constitutional, both under our own Constitution and that of the United States, in the case of *W. B. Worthen Company* v. *Thomas,* 188 Ark. 249, 65 S. W. (2d) 917, 292 U. S. 426, 54 S. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173. The appellee concedes the validity of that act, but contends it has no application to the instant proceeding; (a) that the act, properly construed, exempts from judicial process only those debts of the beneficiary for which he was liable before and at the time the insurance policies matured by reason of the insured's death; and (b) that an obligation arising out of the fraudulent conduct of a beneficiary which may be made the basis for a recovery in a proper proceeding is not a debt within the meaning of the statute which provides that the proceeds of insurance policies shall be exempt from seizure under judicial process, because, it is said, it is one created by fraud.

In support of these contentions counsel for appellee in their brief have presented an ingenious argument which, in many of its aspects, is most persuasive of the harmful effects of the act, *supra,* and the injustice which might arise from its application. This argument might well be addressed to the General Assembly for a modification or a limitation upon the provisions of the act. But we have nothing to do with those questions. It is for us to give effect to the act as written and derive the legislative intent from the language used. Counsel for appellee have cited *Bull* v. *Case,* 165 N. Y. 578, 59 N. E.

301, and *Amberg* v. *Manhattan Life Ins. Co., etc.,* 171 N. Y. 314, 63 N. E. 1111, in support of its first contention. It is apparent from an inspection of those cases, however, that the New York statute is unlike our own. However just the reasoning of the court in those cases in denying the contention of the beneficiary, namely, that in all cases the proceeds of a policy after payment to the beneficiary are exempt from all legal process issued against the property of the beneficiary, they are not of controlling importance, as it is clear we are dealing with a statute different in its terms. Our statute, § 7988, Pope's Digest, provides:

"All moneys paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy or policies providing for the payment of life, sick, accident and/or disability benefits shall be exempt from liability or seizure under judicial process of any court, and shall not be subjected to the payment of any debt by contract or otherwise by any writ, order, judgment, or decree of any court, provided, that the validity of any sale, assignment, mortgage, pledge or hypothecation of any policy of insurance or of any avails, proceeds or benefits thereof, now made, or hereafter made, shall in no way be affected by the provisions of this act." The language of the statute does not impose any limitation as to the time of the origin of the debt and for us to give to it the meaning for which the appellee contends would be to read something into it which the Legislature did not. In other words, it would be necessary by judicial construction for us to amend the statute and thus usurp legislative authority.

What we have said regarding appellee's contention (a) applies with equal force to contention (b). The statute exempts from seizure under judicial process "any debt by contract or otherwise." This language exempts all debts of whatever nature and in whatsoever manner incurred. This all-inclusive exemption may be unwise and work injustice in cases, but with that we have no concern. We repeat that this is a matter to be addressed

to the judgment of the General Assembly. We deem no authority necessary for our conclusion beyond the general rule of statutory construction, but such courts as have passed upon statutes exempting from process the avails of insurance policies have declined to read into them any limitation not specifically expressed therein. *State ex rel.* v. *Collins,* 70 Okla. 323, 174 Pac. 568, 6 A. L. R. 603; *Clark* v. *Lynch,* 83 Hun 462, 31 N. Y. S. 1038.

2. The demurrer is as follows: "The defendant, Nora D. Ponder, demurs to the complaint, and for grounds of demurrer states: 'A court of equity is without jurisdiction to try the issues that will arise herein.' 'Declining to submit her defense outside of a court of law, defendant moves that the cause be transferred to law.'"

We think that the demurrer should have been sustained and the case transferred to the circuit court. The action is a simple one to recover a money judgment with the ancillary aid of a writ of garnishment to impound in the hands of the garnishee moneys due by it to the defendant (appellant) to be applied so far as necessary to the payment of the judgment which might be obtained. Before the authority given to law courts to sequester money or property in the hands of another due the defendant, the remedy was to proceed at law to recover a judgment against the defendant and then to invoke the aid of chancery through a writ of "equitable garnishment" so called. Since the passage of the statute (§ 7988, Pope's Digest) the law court may, either before or after judgment, issue writ of garnishment and thus the remedy at law is full and adequate. "It is an elementary principle of remedial procedure that equity will not assume jurisdiction where there is a complete and adequate remedy at law." *Bassett* v. *Mutual B. H. & A. Assn.,* 178 Ark. 906, 12 S. W. (2d) 893.

But it is insisted that the instant case falls without the principle announced because (1) the right to transfer was waived by not being raised in apt time. The authorities cited by appellee on this contention are

*Arkansas Construction Co.* v. *Pidgeon-Thomas Co.,* 172. Ark. 721, 291 S. W. 57; *Southern Surety Co.* v. *Pfeifer Stone Co.,* 175 Ark. 708, 1 S. W. (2d) 43; and *Stroud* v. *Vanzant,* 30 Ark. 89. These are cases where there was no ruling asked from the demurrer and motion to transfer before final determination of the cause, or where the motion to transfer was presented after the submission of the case and announcement of the decree, or where the objection to the jurisdiction was not raised in the court below nor until the case was presented in this court upon appeal. In all those cases it was held that the motion was not raised in apt time and the court did not abuse its discretion in overruling same. No such facts are present in the instant case. Promptly, and contemporaneous with the motion to quash the garnishment, objection to the court's jurisdiction was made with request that the cause be transferred to the circuit court. Appellee mistakenly assumes that the pleading which was called a "demurrer" was an admission of the truth of the allegations of the complaint. It was not a general demurrer, but a special one with prayer that the questions raised by the complaint be submitted for their determination in a forum which appellant believed to be the proper one. This was at the threshold of the case and the authorities cited last, *supra,* are clearly not in point.

It is further argued in behalf of the jurisdiction of the chancery court that the issuance of the writ of garnishment was sufficient to establish such jurisdiction. As we understand the argument, it is briefly this: the "remedy" by garnishment or sequestration has been exercised by courts of chancery from remote times and the statutes empowering courts of law to use the same remedy did not divest equity of ancient jurisdiction. These principles are announced in the cases cited by appellee, namely, *King* v. *Payan,* 18 Ark. 583; *Whitesides* v. *Ker-Shaw & Driggs,* 44 Ark. 377; *Shumard* v. *Phillips,* 53 Ark. 37, 13 S. W. 510; *Vaughan* v. *Hill,* 154 Ark. 528, 242 S. W. 286. But in none of those cases, or elsewhere so far as we are able to determine, has it been held that the mere invocation of the equitable remedy of "seques-

tration" or "garnishment" was ever sufficient to enable a court of equity to reach out and take jurisdiction of a cause of which, otherwise, jurisdiction would vest in a court of law. In fact, the contrary is true. The remedy of equitable garnishment does not of itself confer jurisdiction in the absence of some other and independent ground.

Appellee finally suggests that, if on no other ground, equity has jurisdiction on that of the alleged fraud: "The action of defendant in this case in obtaining money from plaintiff created a constructive trust in favor of the plaintiff which entitles it to the aid of equity in obtaining the relief from the defendant's fraudulent conduct;" and further, says the appellee, "plaintiff * * * is doing no more than attempting to enforce its lien upon money obtained from it by fraud." In support of the contention that thereby equity acquires jurisdiction we are cited to the recent case of *Wadkins* v. *Bank of Vandervoort,* 176 Ark. 1206, 3 S. W. (2d) 696, and our own cases of *Vaughan* v. *Hill,* 154 Ark. 528, 242 S. W. 826; *Arnold* v. *Oliver,* 152 Ark. 47, 237 S. W. 425; *Simms* v. *Hammons,* 152 Ark. 616, 239 S. W. 19; and *Humphreys* v. *Butler,* 51 Ark. 351, 11 S. W. 479. The fundamental difference between those cases and the instant proceeding is this: the specific object alleged to be fraudulently procured was that of the court's pursuit with the purpose of impressing upon it a trust for the benefit of the person wronged, or a specific fund, the subject of an equitable lien, upon which that lien was sought to be fixed by the interposition of a court of chancery. Here, the case is different; the money alleged to be fraudulently procured by the appellant has not been identified and is not the fund upon which a trust is sought to be impressed or a lien fixed, but it is another and wholly independent fund untainted by fraud, real or alleged. As stated by the appellant, it is not "a trust *res* upon which to charge the plaintiff's equity," or a fund upon which there is an equitable lien which the appellee was seeking to enforce, but one which it seeks to newly create and upon a fund wholly unrelated to that said to have been fraudulently procured by the appellant.

In speaking of the fund garnished as independent and apart from the avails of the insurance policies paid by the appellee to the appellant, we do not overlook the argument that, under a proper interpretation of the statute, the fund in the hands of the garnishee is part and parcel of the money paid to appellant by the appellee. As stated by counsel for appellee, "The money in the hands of the Hercules Life Ins. Co. is a part of this fund and the moneys in its hands are in no different position legally from the money already paid over to Mrs. Ponder by the Jefferson Standard Life Insurance Company." We are unable to agree to the correctness of this argument. As we see it, there is no connection between the funds pursued by the garnishment and those paid to appellant. No part of the money overpaid to appellant comprises a portion of the funds garnished; it is not such upon which a lien can be impressed or trust imposed because of any fraudulent over-reaching by appellant of appellee by the means of which she has received more than the sum justly due her.

It follows that the judgment of the trial court will be reversed, and the cause remanded with directions to sustain the demurrer to its jurisdiction and to transfer the cause to the circuit court, as prayed, where the garnishment will be quashed and further proceedings be had, if the parties be so advised, in accordance with law and not inconsistent with this opinion.