(51 South. 61.)

No. 17,939.

MUTUAL LIFE INS. CO. OF NEW YORK v. NEW.

In re NEW.

(Dec. 13, 1909. Rehearing Denied Jan. 17, 1910.)

*(Syllabus by the Court.)*

1. INSURANCE (§ 146*)—LIFE INSURANCE—CONSTRUCTION OF POLICY.

Where there is a clause in a policy of insurance providing that if the age of the insured has been misstated that the benefit will be adjusted equitably upon ascertainment of that fact, and there is another clause providing that after two years the policy will be incontestable, if the premiums have been paid, both clauses are general, and one does not control the other.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 296; Dec. Dig. § 146.*]

2. INSURANCE (§ 146*) — CONSTRUCTION OF POLICY.

When a policy of insurance is susceptible of two interpretations, that interpretation which is most favorable to the insured should be adopted. Massachusetts Ben. Ass'n v. Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 272.

[Ed Note.—For other cases, see Insurance, Cent. Dig. § 295; Dec. Dig. § 146.*]

3. INSURANCE (§ 400*) — LIFE INSURANCE — CONSTRUCTION OF POLICY.

If it can be avoided, no clause of a contract should be declared nugatory. Civ. Code, art. 1951. The clause making the policy incontestable after two years is a term of prescription agreed upon between insurer and insured, and should be enforced as it does not avoid the clause providing for an equitable readjustment of the benefit in case of a misstatement of the age of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

4. INSURANCE (§ 400*)—MISREPRESENTATIONS—INCONTESTABILITY OF POLICY.

The gravity of the wrong cannot affect the incontestability of the policy after two years; for to permit it to affect the policy would be to create degrees of fraud.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

5. INSURANCE (§ 400*)—PROOFS OF DEATH—EFFECT OF MISREPRESENTATIONS.

Misrepresentation by the beneficiary in making proof of death as to the age of the insured will not defeat his rights under a policy that is incontestable by reason of the fact that the prescriptive period has elapsed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

Action by the Mutual Life Insurance Company of New York against L. M. New. Judgment for defendant was reversed by the Court of Appeal, and he applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and that of district court affirmed.

McClendon & Seals, for applicant. Hall & Jack, for respondent.

BREAUX, C. J. This is a suit to recover $1,337.

Plaintiff alleged that this amount was paid in error on a policy of insurance on the life of defendant's mother.

The policy was for $2,000. It was issued on May 11, 1901.

The defendant was the beneficiary.

In the application for insurance March 29, 1849, was given as the date of the birth of the insured.

She died December, 1907.

The date of her birth was not March 29,

1849. Instead it was March 29, 1829—a difference of 20 years between the date of her birth and the untrue date given.

She died intestate, leaving two sons, the defendant and Whit L. New.

In the proof of death, made to recover on the policy, the defendant, son of Elizabeth New, swore that the date of the birth of his mother was March 29, 1849.

He collected $2,000, the amount of the policy.

Some time after this collection by him, his brother instituted suit for one-half of the amount of the policy.

He recovered judgment and was paid this half by defendant.

The plaintiff, having become aware of the misstatement of the age of the insured, brought this suit for the return of the money paid.

Plaintiff admitted that the defendant had the right to the amount of the policy; that the premiums paid by him would have paid for (had the age been correctly given) $687 on the basis that the date of her birth was as before stated, and not as misstated by defendant.

The defendant denied plaintiff's right to recover the amount; admitted collecting the amount of the policy.

He alleges that to plaintiff's knowledge he paid one-half the amount collected to his brother, Whit L. New.

The policy contains the following clause:

"Admission of Age:
"The company will admit the age of the insured upon satisfactory proof; failing such proof, if the age shall have been understated, the amount of insurance or other benefit will be equitably adjusted.

"Incontestability:
"After two years from the date of issue, this policy shall be incontestable if the premiums have been duly paid."

These clauses follow in the policy as written above.

The Court of Appeal decreed for plaintiff and condemned the defendant to return the amount sued for.

The issues are before this court on an application to have the judgment reversed under our supervisory jurisdiction.

The proof is that at the age of 72, $105 would have paid for $687 of insurance.

The rate of insurance on a person at 72 years is $153.94 per thousand, and $2,000 insurance would have required $307.88 per annum instead of the $105 paid.

The insured lived seven years from the date of her policy.

At the rate she paid had she given the correct date of her birth, the amount due by her would have been $1,414.98.

Plaintiff has chosen instead to ask for the amount of $1,337, the alleged overpayment by it, on the hypothesis that defendant has a right to the $2,000 less the sum of $1,337 overpaid.

1. Clauses:

Effect must be given, if possible, to both of the clauses of the policy copied above, for the special controls the general.

But here there is no special controlling the general clause. One clause is as general as the other, and one does not for that reason modify the other. One of the conditions relates to the misstatement of the age, and that applies generally to all insured. The other condition relates to the incontestability of the policy after two years, and that applies equally to all insured.

Another requirement in order that the rule invoked by plaintiff's counsel may be applied is that the conditions shall apply to the same subject-matter.

Here they do not. One relates to adjustment on account of the misstatement of the age of the insured, and the other to the incontestability of the policy after the stated time.

It follows that the conditions are different and relate to a different subject-matter.

There is no good ground for criticising the case of Mutual Life Insurance Co. v. Hill, 193 U. S. 551–558, 24 Sup. Ct. 538, 48 L. Ed. 788, cited by plaintiff. Different from the case before us for decision, in the cited case one of the conditions was general and the other particular and both related to the same subject-matter. By direct implication one modified the other.

There is no such implication growing out of the conditions of the policy before us for interpretation.

The rule laid down in Bock v. Perkins, 139 U. S. 635, 11 Sup. Ct. 677, 35 L. Ed. 314, a decision cited by plaintiff, was that effect must be given to the intention of the parties as disclosed by the instrument to be construed, a very plain and correct rule, and one that commends itself always.

In Rodgers v. United States, 185 U. S. 83–85, 22 Sup. Ct. 582, 46 L. Ed. 816, also cited by plaintiff, the court held that where there are two statutes, the earlier special and later general, the presumption is that the special is an exception to the general in case of conflict between them.

In the case in hand no such presumption arises, as both clauses are equally general, and neither is particularly special.

There is no reason to infer that there is anything to attract attention particularly in the first clause more than there is in the second clause.

In Winnebrenner v. Forney, 189 U. S. 152, 23 Sup. Ct. 590, 47 L. Ed. 754, it was supposed that the attention of the writer of the contract because of the importance of the particular subject-matter should have been directed to the special clause.

In the present case both clauses are of importance.

There is another rule of interpretation to which we may as well refer at this time.

In matter of insurance the interpretation should be placed upon the writing of the company in the policy which is most favorable to the insured. Massachusetts Benefit Association v. Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 272, second column.

And, further, if the policy is susceptible of two different constructions, the one most favorable to the insured commends itself.

2. Effect of the Clause in Question:

Both clauses, being general, are to be construed together, and effect given to the two.

This can be done by holding that the company had ample time to make inquiry about the insured within the two years after the date of the policy. If he has understated his age, the company may readjust the policy contradictorily with the insured on the basis of his age, as before stated in the statement of facts, as a method to be followed in the readjustment of the policy.

It has been decided in another jurisdiction that, if he has departed this life, the adjustment may be made contradictorily with the legal representative· of his succession, not a question involved here.

But after two years have elapsed defenses are no longer available, unless the grounds are excepted by the terms of the policy.

A short term of prescription has been created by contract within which the insurer, if ever, must test the validity of his policy. Clement v. New York Life Insurance Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 249, 1st column, 70· Am. St. Rep. 650.

The company reserved to itself the right during two years, upon discovering that the age had been understated, to adjust the amount of insurance according to insurance companies' rules. Clement v. New York Life Insurance Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650.

After the two years had expired, the second clause copied above becomes effective and the first clause is not enforceable. There-

by effect is given to both clauses, otherwise the second clause is entirely neutralized, and becomes entirely ineffective in so far as relates to proof of age.

That was not intended, as we read the policy.

Under the textual article of Civ. Code, art. 1951, if it can be avoided, a clause should not be declared nugatory.

3. Misstatement of the Insured:

The discussions heretofore are not very important compared to the discussion at this point. They do not finally dispose of the issues.

Life insurance is not made incontestable by statute in this state as it is in some of the states. By the terms of the policy in the case under discussion, it is incontestable (by special clause made) after two years.

The plaintiff urges that the insured misstated her age.

The defendant's contention is that the first clause in the policy is of no effect, and that, therefore, the misstatement is of no importance. His contention is that the company by the two years' clause is prevented from making any defense as relates to misstatement of age.

If the lawmaking authority were to legalize such a clause (that is the first clause copied above in regard to age), it would be binding.

The acceptance by the insured of this clause makes the contract as binding as would be a statute on the subject. Statute and contract would be equally binding.

The company, in order to promote its business and increase its popularity, as an insurer, inserted this clause in its policy and offers it as an inducement to take insurance. It uses it to the best advantage.

The parties to a contract can adopt a prescriptive term.

But it is contended that a wrong has been committed.

True, but it is a public wrong, and, if the insured commits a public wrong, in this instance it cannot avail the company.

Very similar questions have been decided in the courts of other jurisdictions.

In Vetter v. Mass. National Life Ass'n, 29 App. Div. 72, 51 N. Y. Supp. 393, the policy provided that, if fraudulent answers were given, the policy would be void.

This policy contained the two-year limit. The insured died over two years after the date of the policy.

The insurance company offered to prove the fraud, and offered to show that the answers were false. Though these answers did not relate to age, they were, it was charged, false, and, if the charge was true, they would have rendered the policy void.

The testimony was excluded by the court on the ground that the incontestability of the policy concluded the company.

The decision cited, supra, is pertinent in two respects; that is, the one just stated, and, further, in that the policy contained the words, "except as herein set forth," in the clause relating to the incontestability of the policy.

By the foregoing quoted words, there was a special exception as it referred to other clauses of the policy.

Yet in that case the court held that these words did not refer to the warranty clauses (one of which had been violated or not complied with), but that the words quoted referred to promissory obligations and duties of the insured, such as the payment of premiums, and not to what the court classed as affirmative warranties.

The decision goes further than there is any necessity of going in this case, for the policy in the case before us for decision does not contain anything similar to the quoted words.

The issue before us, as between the company and the insured, is not the fraud which

is committed, but the incontestability of the clause which is binding upon the company. It stands first and comes up under the terms of the policy before any question of fraud can be raised.

In Massachusetts Life Benefit Ass'n v. Robinson, it was held that the clause is not against public policy as applied to the defense of fraud. 25 Cyc. 873, second column.

If the gravity of a case of wrong were to offer ground after the two years for defense, there would be degrees of fraud.

The case just cited refers to and includes all frauds, and thereby holds the company just as it has bound itself.

5. Beneficiary Proof:

The beneficiary joined in making proof of death of the insured. He suppressed the truth and committed a wrong, which no one well inclined countenances for an instant. But it remains that the policy itself is binding. His representations, untrue as they were, had no bearing on the right claimed. As untrue as the representation was, it cannot be considered as giving a right to forfeit the claim under the policy.

The declaration did not affect the subject-matter of the contract. However false it was, the representation was one that affords no ground of defense to the plaintiff.

For reasons stated, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal in this case is annulled, reversed, and avoided. It is further ordered, adjudged, and decreed that the judgment of the district court is hereby made the judgment of this court. It is further ordered, adjudged, and decreed that the plaintiff pay the costs of both courts, and that this judgment, so far as needful, be made executory by remanding it to the district court.

For reasons stated, it is further ordered, adjudged, and decreed that the rule nisi which was issued in this case be, and the same is hereby, affirmed.