EDELSON v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

1. INSURANCE ⚭655(2)—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where the policy of insurance, in accordance with Insurance Law (Consol. Laws, c. 28) § 58, provided that the policy should contain the entire contract, and further that, if the insured misrepresented his age, the policy should be good only in an amount equal to that which the premium paid, would purchase at his attained age, and the insured misrepresented his age, although the application was not made a part of the contract, it was admissible under the clause providing for reduction of the policy, since the defense was under the reduction clause, and not on any matter included only in the application, and if such defense were cut off, the policy would be void under section 89, prohibiting discriminations.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1677, 1680, 1681, 1685; Dec. Dig. ⚭655(2).]

2. INSURANCE ⚭152(3)—LIFE INSURANCE—POLICY—CONSTRUCTION.

A policy of life insurance must be read in connection with Insurance Law, § 58, requiring the entire contract to be expressed in the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 312; Dec. Dig. ⚭152(3).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Annie Edelson against the Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Woodford, Bovee & Butcher, of New York City (James N. Luttrell, of New York City, of counsel), for appellant.

Joseph M. Edelson, of New York City (Bertram L. Marks, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment upon a policy of insurance in the sum of $500, issued by the defendant upon the life of Isaac Levitt.   The policy contains a clause that:

"If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

The policy also contains on its face the words:

"Ordinary Life, Intermediate Class.   Age, 60.   Amount, $500.   1/12 Annual Premium, $3.13."

It appeared at the trial, practically without dispute, that the insured was 66 years old at the time the policy was issued; that in his application his age was stated as 60; that the premium paid would have purchased a policy for only $370.85 if the age had been correctly stated.   The defendant admits liability for, and has paid into court, this amount less the unpaid premium for the last year.   The trial justice has given judgment for the face amount of the policy less the unpaid premium, apparently on the ground that the application

was not attached to the policy, and that under section 58 of the Insurance Law the application did not become part of the policy of insurance unless attached thereto.

[1, 2] The policy recites that it is issued "in consideration of the application for this policy, copy of which application is attached hereto and made part hereof." It also provides that:

"This policy and the application therefore constitutes the entire contract between the parties. * * * All statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties, and no such statement shall avoid this policy or be used in defense of a claim hereunder unless it is contained in the written application therefor and a copy of such application is securely attached to this policy when issued."

These clauses of the contract must be read in connection with section 58 of the Insurance Law, and are, I think, practically a stipulation by the parties fixing their rights in the same manner as in any event and without express stipulation they would be fixed by law. I do not think, however, that they can be given the effect contended for by the plaintiff and that they prevent the court from considering the statement of the insured as to his age, though the application was not physically attached to their policy.

There can be no doubt that the insured did make a misstatement as to his age, and there can be no doubt that the amount of the policy was determined upon that statement. The parties have expressly stipulated, however, that in spite of the fact that the policy states on its face that it is for $500, yet if the age of the insured has been misstated, the amount payable shall be such as the premium would have purchased at the correct age. Unless this clause can be enforced, the insured will receive more insurance for the premium than the parties agreed upon, and more than the parties could have agreed upon without contravention of section 89 of the Insurance Law. I cannot see any valid reason why the contract should not be enforced in accordance with the intent of the parties. To do so would not, as the plaintiff claims, make the application a part of the contract, nor permit a statement therein to be used as a defense of a claim thereunder, though not attached to the contract. The contract on its face shows that the amount payable thereunder is based upon the assumption that the insured was 60 years of age when it was issued, and it further provides that if the age has been misstated the amount payable shall be such as the premium paid would have purchased at the correct age.

The defendant does not now seek to interpose any representation in the application as a defense to the claim under the contract, nor does it seek to incorporate the application into the contract. It stands upon the actual contract itself, and the application is material and competent evidence to show that the contingency has occurred which makes effective the clause that the amount payable shall be such as the premium would have purchased at the correct age. In other words, as I read the contract, it expressly provides for a payment of $500 upon the death of the insured based upon the assumption that the age of the insured is 60, or a payment of the amount which the premium would purchase if the age has been misstated. That con-

tract represents the whole agreement of the parties, and there is nothing either in the express contract or in the statute which precludes the defendant from showing by proof outside of the contract that the contingency agreed upon has occurred.

It follows that the judgment should be reduced to the sum of $344.-87, with appropriate costs in the court below, and, as modified, affirmed, with $25 costs to the appellant. All concur.