**EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. FIRST NAT. BANK OF BIRMINGHAM.**

No. 9508.

Circuit Court of Appeals, Fifth Circuit.

July 12, 1940.

Rehearing Denied Aug. 7, 1940.

Atwell J. Brown, of Birmingham, Ala., for appellant.

Lucien D. Gardner, Jr., of Birmingham, Ala., for appellee.

Frank E. Spain, H. H. Grooms, and G. R. Harsh, Jr., all of Birmingham, Ala., amici curiae for appellant.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

**HUTCHESON, Circuit Judge.**

The suit was on a policy of life insurance issued, February 17, 1923, upon the life of one Russell as of age 58. It arose in this way. Upon the death of assured in 1937, it was for the first time discovered that when the policy was written, instead of being 58, as stated in his application and in the policy, assured was 67 years old. $30,917.50, the amount due under the Age Adjustment Clause [1] of the policy was paid plaintiff, without prejudice to its right to claim and sue for $19,082.50, the difference between the amount admitted to be due and $50,000, the face of the policy. Submitted to the District Judge without a jury, upon an agreed statement of facts, there was a judgment for plaintiff on the ground that the Alabama Incontestability Statute, Section [2] 8365, Code 1923, renders nugatory and prevents the application of, the Age Adjustment Clause.

Brought here on an agreed statement under Rule 78, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this appeal presents, as the sole question, whether the District Judge erred in so holding. The precise question has not been ruled in Alabama. We must therefore, rule it as best we may for ourselves as one of first impression in Alabama, in the light of course, of the general jurisprudence on the subject and of Alabama decisions on analogous questions. Appellant and appellee recognize this to be so, and each urges upon us, decisions from Alabama and elsewhere in support of its position.[3]

Appellant's position summed up is, that Section 8364 [4] and Section 8365, note supra, are designed to and do, express a complete legislative policy with regard to contests of liability under the policy for misstatements in the application. This legislative policy is; that as to contests within two years, a policy may not be defeated by a showing of misstatements in the application, unless it is also shown that they were made with the intent to deceive or that they ac-

---

[1] "Age. If the age of the insured has been misstated, any amount payable under any of the provisions of this contract, shall be that amount which the premium charged would have purchased at the Society's rates in use at the register date hereof for the insured's correct age."

[2] "(4573) (2597) Life policies incontestable after two annual premiums paid.—No life insurance company shall contest a claim under any policy of insurance on the plea of fraud or irregularities in application after two annual premium payments have been made on policy, but must pay the full amount of policy within sixty days after proofs of death have been received at the home office of the company in the United States, and no plea of misrepresentation or fraud in the application shall be filed unless accompanied by a payment into court, for the plaintiff, of all premiums paid on the policy."

[3] Appellant's cases mostly relied on are: Jefferson Standard Life Ins. Co. v. Bomchel, Ala.Sup., 194 So. 156; Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642; Darden v. North Amer. Ben. Ass'n, 170 Va. 479, 197 S.E. 413; Langan v. United States Life Ins. Co., 344 Mo. 989, 130 S.W.2d 479, 123 A.L.R. 1409; Edelson v. Metropolitan Life Ins. Co., 95 Misc. 218, 158 N.Y.S. 1018; Sipp v. Philadelphia Life Ins. Co., 293 Pa. 292, 142 A. 221; Messina v. New York Life Ins. Co., 173 Miss. 378, 161 So. 462; Scarborough v. American Nat. Ins. Co., 171 N.C. 353, 88 S.E. 482, L.R.A.1918A, 896, Ann.Cas.1917D, 1181; Scales v. Jefferson Standard Life Ins. Co., 155 Tenn. 412, 295 S.W. 58, 55 A.L.R. 537; Livingston v. Mutual Benefit Life Ins. Co., 173 S.C. 87, 174 S.E. 900; Murphy v. Travelers Ins. Co., 134 Misc. 238, 234 N.Y.S. 278.

Appellee's are these: Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 383, 125 So. 396; Jefferson County Burial Society v. Curry, 237 Ala. 548, 187 So. 723; Fraternal Aid Union v. Monfee, 232 Ala. 606, 168 So. 891; Sov. Camp, W. O. W. v. Moore, 232 Ala. 463, 168 So. 577; Parks v. State, 100 Ala. 634, 13 So. 756; Simpson v. Life Ins. Co. of Virginia, 115 N.C. 393, 20 S.E. 517; Arnold v. Equitable Life Assurance Society, D.C., 228 F. 157; Whitfield v. Ætna Life Ins. Co., 205 U.S. 489, 27 S. Ct. 578, 51 L.Ed. 895; Mutual Life Ins. Co. v. New, 125 La. 41, 51 So. 61, 27 L. R.A.,N.S., 431, 136 Am.St.Rep. 326; Lincoln Health & Accident Ins. Co. v. Jones, 175 Okl. 211, 52 P.2d 793.

[4] "(4572) (2596) Misrepresentation in application or proof of loss; when material.—No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

tually increase the risk of loss; and that as to contests after two years, misstatements in the application, no matter how material or fraudulent, may not be urged in impairment or defeat of liability. Pointing out, that it has not contested and is not contesting liability under the policy or at all seeking defeat of or escape from its terms,[5] but that admitting liability under the policy and offering to pay every dollar, which under the Age Adjustment Clause of the policy, it is obligated to pay, it seeks merely to have its terms applied, appellant insists, that these statutes are entirely without application to or effect upon the policy and the situation in which the parties find themselves. Appellee's position is that all of this is but a play upon words; that the statute is couched in the plainest and simplest kind of language and requires, indeed admits, of no resort to interpretative construction. Providing that after two annual premium payments have been made "no life insurance company shall contest a claim under any policy of insurance on the plea of fraud or irregularities in application * * * but must pay the full amount of policy * * *", the statute, insists appellee, prevents the invocation or use of, in contesting the assured's claim for its full face, indeed sweeps out of the policy, every provision in it inconsistent with the obligation to pay its face amount. It points out that Modern Order of Praetorians v. Wilkins; Jefferson County Burial Society v. Curry; Fraternal Aid Union v. Monfee; Sov. Camp, W. O. W. v. Moore; note supra, hold that the statute is peremptory, and inclusive in, after two years, preventing contests of liability and doing away with all defenses, including the defense, which but for the statute would be good, of misrepresentation as to age. And in support of its position that defendant in seeking to apply the Age Adjustment Clause to reduce the face amount, is just as truly contesting the policy as the defendants were in the just-cited cases, where they sought its defeat for age misstatement, appellant cites Parks v. State, note supra [100 Ala. 634, 13 So. 759], in which the Alabama Court defined contest to mean, "to strive to win or hold; to controvert, litigate, oppose, call in question

challenge, dispute; to defend, as a suit or other proceeding." Appellant points out in its turn that the Parks case, cited for its definition of contest, was not an insurance case at all. It was an election contest. And in an insurance case, Moore v. Bankers' Credit Life Ins. Co., 223 Ala. 373, 136 So. 798, 799, the Supreme Court of Alabama, quoted with apparent approval from Stean v. Occidental Life Ins. Co., 24 N.M. 346, 171 P. 286: "Undoubtedly the term 'incontestable' as used in a life insurance policy means a contest, the purpose of which is to destroy the validity of the policy, and not a contest the purpose of which is to demand its enforcement."

In the four Alabama insurance cases cited above, the question for decision here was not only not decided, but was not there for decision. For there, the policy contained no Age Adjustment Clause and the effort of the insurer was not, as here, to have the policy terms given effect, but was to contest and defeat liability under the policy. We agree with appellant that these cited cases are not controlling or even persuasive here, and that we must find the answer to the question we have for decision in an answer to two questions. These are: (1) whether, questions of statutes aside, on reason and authority elsewhere, there being no Alabama cases in point, where a policy as here contains both an Age Adjustment and an Incontestability Clause, insistence by the insurer that the Age Adjustment Clause be given effect, is a contest of the policy; and (2) if, in the absence of a statute, such insistence is not a contest, whether a statutory provision for incontestability, like the one in question here, converts that insistence into a contest and makes the clause unenforcible.

The first question posed must be answered in the negative, for the overwhelming weight of authority, (see cases cited by appellant in Note 3, and particularly Langan v. United States Life Ins. Co. and cases cited in note to it) is to the effect that application of the Age Adjustment Clause is not a contest of the policy within its incontestable provision. Indeed, outside of the poorly reasoned and unsatisfactory

---

[5] "This policy shall be incontestable after one year from its date of issue provided premiums have been duly paid and subject to the provisions as to the age stated on the third page hereof."

"Age. If the age has been misstated, any amount payable under any of the provisions of this contract, shall be that amount which the premium charged would have purchased at the Society's rates in use at the register date hereof for the insured's correct age."

decision in Mutual Life Ins. v. New,[6] supra, no case is cited which holds that there is any conflict between the Age Adjustment and Incontestable Clauses of a policy, or that an attempt to apply it is a contest of the policy.

The second question may not be so confidently answered upon authority, for no case has been cited to us, we have found none construing a statute of like terms with that in question here. But we think it clear that the words of the invoked statute, considered in themselves and in the light thrown upon them by decisions dealing with different, but to some extent similar statutes, admit of no other conclusion than that it is without application here; and that the insurer's insistence that its liability on the policy be settled, in accordance with the Age Adjustment Clause, is not, within the meaning of the statute, a contest of the policy.

None of the cases appellee relies on, except the Jones case, dealt with a conflict between an incontestable statute and a policy age adjustment clause, and the statute dealt with there is wholly unlike the one in question here. Of its other cases, Sampson v. Life Ins. Co. of Virginia and Whitfield v. Aetna Life Ins. Co., note supra, dealt with statutes prohibiting the defense of suicide. Arnold v. Equitable Life, note supra, a district court decision, and therefore of little, if any weight, if authority at all, is against rather than for appellee, for it holds that the policy contract overrides the statute and that a policy provision for incontestability overrides and makes ineffective a statutory age adjustment clause. If the doctrine of that case were applied here, appellee could not at all prevail, for the policy here contains an incontestable clause with the age adjustment clause excepted out of it, and it is only by having the statute override the policy that the result appellee seeks can be reached.

Its main reliance, Lincoln Health & Accident Ins. Co. v. Jones, note supra, does not deal with a statute at all like the one at bar, and in addition, tested by its own reasoning, that the case was one of the construction of a statute rather than of the terms of a policy, it reached an incorrect result of giving a limited, instead of a broad, effect to the statute on the authority alone of the New case, which involved not a statute but a policy contract. Two of the policies contained age adjustment clauses; the third contained a provision that if the age of the insured when the policy was issued was in excess of 55 years, the policy should be void. None of them contained incontestability clauses.

The Oklahoma statutes provided that policies must have an incontestability clause[7] and an age adjustment clause,[8] and the court construed the policies as though these clauses were in them.

The insurer insisted that its effort to have the policy provisions applied, was not a contest but an affirmation of its liability in accordance with the policy terms; the insured insisted that, made more than two years after issuance of the policies, the incontestability statute struck the contention down. The court, citing Stean v. Occidental Life Ins. Co.; Sipp v. Philadelphia Life Ins. Co., note supra, for the view that the invocation of the age adjustment clause was not a contest of the policy in violation of its incontestability clause and Mutual Life Ins. Co. v. New, note supra, that it was, stated that it was not concerned with the conflict of authorities thus evidenced, for, the matter was controlled in Oklahoma by statute, and that, following the reasoning of the New case, it would hold that there was no conflict between the two clauses, because they operated at different times, the age adjustment clause during the first two years and the incontestability clause thereafter.

---

[6] 125 La. 41, 51 So. 61, 27 L.R.A.,N. S., 431, 136 Am.St.Rep. 326. That it is poorly reasoned and unsatisfactory is evidenced, among other things, by the fact that the Court of Appeals in Louisiana, in Taylor v. Unity Industrial Ins. Co., 147 So. 91, cites it as holding just the opposite of what it appears to hold; that the Incontestability Clause does not affect the Age Adjustment Clause.

[7] "Third. That the policy, * * * shall be incontestable after two (2) years from its date, except for non-payment of premiums, and except all violations of

the conditions of the policy relating to the naval or military service in time of war * * *."

[8] "Fourth. That if the age of the insured has been misstated, the amount payable under the policy shall be such as the premium would have purchased at the correct age, or the premium may be adjusted and credit given to the insured or to the company, according to the company's published rate at date of issue." Sec. 10524, O.S.1931, 36 Okl.St. Ann. § 218.

Such reasoning, we submit, does absolute and complete violence to both the statute and the authorities under review, for not a word in the statute declares that the age adjustment clause operates only during the first two years, and as settled by all the authorities, the New case alone excepted, there is no inconsistency between the two clauses when contained in a policy. But if the Jones case be accepted as a correct construction of the Oklahoma statute, it would not avail appellee here, for the incontestability statute of Oklahoma is not as the Alabama Statute is, concerned with and limited to frauds and misstatements arising on the application in inducing the execution of the policy. It is a wholly general statute, and in the most general terms, provides that the policy · shall be incontestable after two · years from its date. While the Alabama Statute in terms deals with· and only with contests, "on the plea of fraud or irregularities in application", and though it declares that the full amount of the policy must be paid, it does this as to and only as to contests of liability for fraud or irregularity in the application for the policy, and it can therefore have no application to the effort of defendant here not to deny liability but to have its liability determined under the policy terms. If there were no decision laying down this principle, we should think it plain that the statute was directed and must be confined to, a defeat of liability on the policy, for material fraud and misrepresentation in the application. We are the more confirmed in this view, by the able opinions of courts, which have dealt with similar though not identical situations under statutes of similar though not identical purport. Of these perhaps Darden v. North American Ben. Ass'n and Langan v. United States Life Ins..Co., supra, are the best considered. The Darden case dealt with a general incontestability statute, providing that a policy of life insurance shall with the exceptions therein stated be incontestable "for any cause after it shall have been in force during the lifetime of the insured for one year from its date." [170 Va. 479, 197 S.E. 415.]

Against the claim that the incontestability statute prevented it from doing so, the insured successfully contended that by the terms of the policy its liability for death from certain named causes, was one-fifth of the amount otherwise payable. The court pointing out that a contest over the validity of the policy must not be confused with a contest over a construction of its terms and provisions, rejected the view that the incontestability statute prevented a controversion of claims as to the policy coverage, and thus summed up the controlling principles:

· "The incontestable statute is a short statute of limitation, applied when the validity of the policy is contested. It is not a limitation upon the amount of the coverage, nor of the risk assumed. It does not limit the right of the insurance carrier to refuse the payment of a larger sum than is made payable by the terms of the policy, nor limit the right to contend that the terms of the policy exclude certain risks.

"Under the incontestable clause, the insurer may not contest the validity of the contract for false or fraudulent statements made by the insured to secure the policy, for questions involved in the inception of the policy, nor for breach of covenants and conditions subsequent by the insured, after liability has become fixed. But the statute does not deny to the insurance carrier the right to question the genuineness of the claim, controvert the amount of its liability, or to contend that the risk involved was not assumed in the coverage.

"A contest of the validity of the policy must not be confused with a contest of its terms and provisions. Once its terms and provisions are made clear, and are construed, those terms and provisions may not be contested under Code, section 4228. If terms and provisions relating to coverage, either as to amount, or as to the extent of the risk assumed, are in question, a contest over such terms and provisions affects not the validity of the policy, but the construction of the terms and provisions. There can be no liability for a risk not assumed, nor can there be a liability greater than the amount assumed."

In the Langan case, the application of the age adjustment clause was opposed on the ground that it was, (1) in conflict with the incontestable provision of the policy, (2) within the prohibition of the Missouri Statute, defining material misrepresentations. The defendant replied (1) that since it was not contesting the provisions of the policy but only seeking to confine its liability within the express terms thereof, the incontestable clause was not applicable, and (2) that the misrepresentation statute does not apply, for it refers only to misrepresentations made to obtain and which are relied upon to defeat, a policy and does not at all refer to matters controlled by terms

agreed upon and expressly written in the policy itself. Citing and following the multitude of cases holding that the incontestability and age adjustment clauses in a policy are not in conflict, the court sustained defendant's first position. And declaring that the Missouri misrepresentation statute, Mo.St.Ann. § 5732, p. 4373, in providing that "no misrepresentation made in obtaining or securing a policy * * * shall be deemed material, or render the policy void, unless the matter misrepresented * * * actually contributed to the contingency or event * * *", had no application to a misstatement of age when the policy contained an age adjustment provision, for in view of that provision, such misstatement could not be material, it sustained the second position. In doing so, it pointed out that the misrepresentation the statute refers to is one which if false, would defeat the policy and not one which is definitely and precisely made immaterial by the very terms of the age adjustment clause.

The statute invoked here to defeat the policy terms is without application and the judgment applying it and giving it that effect cannot stand. The judgment is therefore reversed and the cause is remanded, with directions to render judgment for defendant.

Reversed and remanded.