## METROPOLITAN LIFE INS. CO. v. BROWN.

### No. 1554.

District Court D. Massachusetts.

June 16, 1942.

Brown, hereinafter called the insured, which had a face value of five thousand dollars. In the application for this policy the insured gave his age as being twenty-five years, stating that he was born in Russia on October 3, 1904. The policy contained the following clause:

"Age:—If the age of the Insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

The insured died on November 14, 1940. The defendant is the widow of the insured, and the beneficiary named in the policy. After the proofs of death had been submitted to the plaintiff, it notified the defendant that her claim had been allowed for the face value of the policy. By the terms of the policy the defendant had an option to accept cash, or to receive only interest during her lifetime, the principal sum to go to her estate at her death. The defendant selected the latter plan, and the plaintiff executed a contract to that effect. The contract was received by the defendant on January 16, 1941, and payments thereunder were made to her in an amount equal to the interest due from the date of the insured's death.

One of the proofs of death relied on by the plaintiff in determining its liability under the policy was a form executed and sworn to by the defendant in which the following questions and answers appear:

"Q. Date and place of the deceased's birth. A. Date: 10/3/04 Place: Russia.

"Q. Source from which date of birth was obtained. A. From his information to me.

Albert L. Hyland and Lyne, Woodworth & Evarts, all of Boston, Mass., for plaintiff.

James J. Gaffney, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This action was brought to determine the real value of a $5,000 insurance policy which was procured by the alleged misrepresentation of the insured. It also seeks a reformation of a contract entered into with this defendant which was procured through the alleged misrepresentations of both the insured and the defendant.

Findings of Fact.

In December, 1929, the plaintiff issued a policy of insurance on the life of Joseph

In February, 1941, the plaintiff for the first time was put upon notice that the insured had mistated his age. It began an investigation at once, and by March, 1941, had uncovered facts which strongly indicated that the insured had misstated his age in his application for insurance. Payments to the defendant were discontinued in May, 1941, at which time the plaintiff had decided to initiate this action. It was filed in October, 1941.

At the trial much evidence was produced by the plaintiff with regard to the insured's age, including naturalization records, marriage and death certificates, records from the registry of motor vehicles, and records from the Election Department of the City of Boston over a period of years.

The insured became a naturalized citizen of the United States in 1923, and in his petition for naturalization he gave his birth date as being February 13, 1893. His age as recorded by the other records just mentioned varied, indicating that the insured was born either on February 13, 1895, October 3, 1895, or October 3, 1896. No evidence was introduced by the defendant to show that the insured on any other occasion, except in his application for insurance, ever gave his birth date as being in 1904. The medical examiner's certificate of death states that the insured's age at the time of his decease was forty-five years and that the informant as to the personal and statistical facts therein was the defendant herself. This would place the year of the insured's birth in 1895. This exhibit was introduced by the defendant to show that there was no mistake on the part of the defendant as to the age of the insured, and therefore reformation of the contract with her should be denied as the mistake was not mutual. The legal effect of this will be discussed later.

From the evidence it is clear, and I find, that the insured misstated his age in his application for insurance; and that the defendant made a misrepresentation when she stated in the proof of death, sent by her to the plaintiff, that the insured's birth date was October 3, 1904.

■ Much difficulty is encountered in determining the true age of the insured, in view of the conflicting records. However, the most persuasive of all the evidence is the petition for naturalization. This was the earliest of the records considered. From it the insured derived his status as a' citizen of this country and all the rights incidental thereto. His statement there was made directly by the insured under oath; and the importance of the occasion as well as the probable knowledge of the possible consequences of falsification would be more conducive to accuracy than would be the case with regard to any of the other records. I find, therefore, that the date, February 13, 1893, appearing in the petition for naturalization, establishes the date of the insured's birth. Compare New York Life Insurance Co. v. Sikov, D.C., 33 F.Supp. 115, 117.

## Discussion.

■ The defendant advances the rather ingenious argument that the plaintiff cannot obtain relief against her on the ground of mutual mistake, because she never was mistaken as to her husband's age, and points to the medical examiner's' death certificate which shows that she gave the examiner the information that the deceased was forty-five years old at the time of his death. This argument is misdirected. It is unnecessary to consider what relief might be available to the plaintiff in the absence of misrepresentation by the defendant (see Restatement of the Law of Restitution, Section 17; Ponder v. Jefferson Standard Life Ins. Co., 201 Ark. 179, 143 S.W.2d 1115), because in this case, the misrepresentation made by her as to the birth date of the insured was a material fact on which the plaintiff relied in determining its liability under the original policy and in executing the subsequent contract. Thus a situation is presented where the plaintiff entered into a contract with the defendant acting under a real mistake of fact, which was induced by the misrepresentations of both the defendant and the insured. Consequently, its contract with the defendant is voidable. Restatement of the Law of Contracts, Sections 476, 477, and the Massachusetts Annotations thereto.

■ The defendant's contentions that the plaintiff is estopped in this action because it was careless in not earlier discovering the true age of the insured, or because it was not diligent in asserting its rights are without merit.

## Conclusions of Law.

The contract with the defendant is voidable, and may be avoided by the plaintiff. The plaintiff is liable to the defendant, according to the terms of the original insurance policy, in the stipulated sum of $3,558.71, less the amount of actual payments already made.