115 So.2d 630 (1959)
James W. JONES, Jr., Plaintiff-Appellant,
v.
STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
No. 9076.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1959.
Rehearing Denied November 25, 1959.
Certiorari Denied January 11, 1960.
*631 John S. Pickett, Jr., Pickett & Pickett, Many, James W. Jones, Jr., Natchitoches, in pro. per., for appellant.
Marvin F. Gahagan, Gahagan & Gahagan, Natchitoches, for appellee.
AYRES, Judge.
This is an action by the insured in a hospital expense policy to recover benefits provided in case of illness and hospitalization in the treatment thereof, together with an equal amount thereof and a reasonable attorney's fee as penalties, as provided in the Insurance Code, LSA-R.S. 22:657.
Plaintiff has appealed from a judgment sustaining an exception of no cause and of no right of action. This exception is predicated upon the contention that plaintiff had been paid all the benefits to which he is entitled under the policy. No contention is raised as to the maximum hospital room expense in the sum of $8 per day. The conflict arises in the respective positions taken by the parties pertaining to a limitation vel non as to other hospital expenses. Defendant's position is that such additional expense is limited to an amount equal to the aggregate of the hospital room expense, whereas plaintiff contends the policy contains no such limitation.
A determination of the issues thus raised is dependent upon the interpretation of the pertinent provisions of the policy. For instance, the insuring clause of the policy recites:
"Standard Life and Accident Insurance Company * * * Hereby Insures the Applicant and the eligible members of the Insured's family named in the application, * * * and will pay, subject to the provisions and exclusions herein, the indemnities hereinafter provided.

* * * * * *
"(b) For loss resulting from sickness, cause of which originates after this policy has been in effect more than fifteen days and causing loss commencing while the policy is in effect."
Immediately thereafter follows a "schedule" reciting the policy number, its effective date, "Maximum Hospital Room, per day" of "$8.00," "Accidental Death Benefit," and "Monthly Premium" payments. Then, in part I. of the policy, entitled, "Hospital Expense Benefits," appear the policy provisions, the interpretation of which is essential to a resolution of the issues presented for determination. These provisions are:
"If any member of the Family Group shall be necessarily confined within a recognized Hospital as a resident patient on account of such injury or such sickness and therein *632 treated by a licensed physician or surgeon other than a member of the Family Group, the Company will pay to the Insured for the expenses actually incurred for:

"Hospital Room, including meals and general nursing care, but not to exceed the Daily Hospital Indemnity set forth in the Schedule for each day any member of the Family Group shall be confined therein, but not to exceed Three Hundred and Sixty-Five Days as the result of any one accident or sickness; provided, however, that after this policy has been maintained in continous effect, without lapse, for a period of Five Years, and thereafter any member of the Family Group shall be necessarily confined within a Hospital as provided herein, then such hospital room expense will be paid so long as the member of the Family Group shall be confined therein.

"The Company will also pay the expense actually incurred by the Insured during the period of such hospital confinement for Operating Room, Anaesthetic, X-ray photographs, Hypodermics, Surgical Dressings, Laboratory Service, Medicines (including penicillin, streptomycin, and other antibiotics), Oxygen, Iron Lung and Blood Transfusions, not to exceed six times the Daily Hospital Indemnity if any member of the Family Group shall be confined to the hospital for five days or less and if so confined for more than five days, an amount equal to the Daily Hospital Indemnity for each day so confined, but not to exceed Fifty times the Daily Hospital Indemnity." (Emphasis supplied.)
At this point it may be appropriate to point out that from the allegations of plaintiff's petition and attached documents plaintiff became ill and, during treatment therefor, was hospitalized in the Natchitoches Hospital from September 13-15, 1957, inclusive, and from September 21-25, 1957, inclusive. This allegation, as indeed all allegations of well-pleaded facts, must be accepted as true on the trial of an exception of no cause of action.
Certain well-established rules are recognized in the interpretation of insurance contracts. These were well stated in Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111, 113, as follows:
"An insurance policy is a contract under the law and the rules established by our LSA-Civil Code for the interpretation of agreements are applicable. See Article 1945 et seq. Accordingly, if the words of the policy are clear and express the intent of the parties, the agreement is to be enforced as written. LSA-Civil Code Articles 1901 and 1945. But, if there is any ambiguity or doubt, the court must endeavor to ascertain the common intention of the parties by reference to other phrases or words of the agreement or by other similar contracts of the parties, Articles 1948, 1949 and 1950, LSA-Civil Code, bearing in mind that, if a clause or word is susceptible of more than one interpretation, it is to be understood in the sense that would make the obligation effective, Article 1951, LSA-Civil Code, and, additionally that doubtful language is to be construed against him who has contracted the obligation. Article 1957, LSA-Civil Code. Our law, therefore, conformable with the universal rule applicable to contracts of insurance, is that all ambiguities must be construed in favor of the insured and against the insurer. See Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Hemel v. State Farm Mut. Auto Ins. Co., 211 La. 95, 29 So.2d 483; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9 and Oil Well Supply Co. v. New York Life Ins. Co., 214 La. 772, 38 So.2d 777."
*633 Concerned directly with the ambiguity of an insurance contract, the Supreme Court, in Finley v. Massachusetts Mut. Life Ins. Co., 172 La. 477, 134 So. 399, 402, stated:
"The settled jurisprudence is that the provisions of an insurance contract are to be strongly construed against the insurer. In the case of Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 91, 68 L.Ed. 235, 31 A.L.R. 102, Justice Sutherland, the organ of the court said: `The rule is settled that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured.'
"See Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863; Corporation of Roman Catholic Church of Eunice v. Royal Insurance Co., 158 La. 601, 104 So. 383; Mutual Life Ins. of New York v. New, 125 La. 41, 51 So. 61, 27 L.R.A.,N.S., 431, 136 Am.St.Rep. 326; McMaster v. New York Life Ins. Co., 183 U.S. 25, 22 S.Ct. 10, 46 L.Ed. 64; Lawrence v. Penn Mutual Life Ins. Co., 113 La. 87, 36 So. 898, 1 Ann.Cas. 965."
See also the more recent case of Schonberg v. New York Life Insurance Co., 235 La. 461, 104 So.2d 171.
The provisions of the policy in the instant case must be interpreted according to those rules. If there is any limitation upon the hospital expenses specified in the policy, it must be found in the provisions of the contract hereinabove quoted. We are unable to find therein any clear, definite, positive statement from which it might be reasonably concluded the insurer's liability for hospital expense is limited or restricted other than for hospital room. The policy provides that if the insured is hospitalized for five days or less, the insurer will pay the expense actually incurred, however not in excess of six times the "daily hospital indemnity"; and, where the insured is hospitalized for more than five days, the insurer will pay the actual hospital expense incurred not in excess of 50 times the "daily hospital indemnity." There is, however, no recital by any language contained in the policy or in any schedule as to what the "daily hospital indemnity" is. That the term "daily hospital indemnity," as contended by defendant, refers to and is synonymous with the maximum daily room rent, in the absence of any positive assertion to that effect, is uncertain and is not made clear or definite by any other language employed in the contract. From a careful consideration of the language of the aforesaid provision, it can only be concluded that the language used is ambiguous and of doubtful meaning.
Even under a construction of the aforesaid provisions most favorable to defendant, the insured's recovery of hospital expense in addition to the room rent would only be limited to $400, that is, an amount equal to 50 times the daily room rent of $8. But, under the injunction that vague, uncertain, doubtful, and ambiguous language in insurance policies must be construed most favorably to the insured and against the insurer, we are constrained to hold that such limitation is inapplicable and that the policy, as regards hospital expense, specifies no limitation as to amount. From this conclusion, it follows that plaintiff's petition discloses a cause of action. The exception directed to plaintiff's right of action is without application.
Therefore, for the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside; and
It is now ordered, adjudged, and decreed, that the exception of no cause and of no right of action be and the same is hereby overruled; and,
Accordingly, this case is remanded to the Honorable, the Tenth Judicial District Court in and for Natchitoches Parish, Louisiana, for further proceedings in accordance *634 with law and consistent with the views herein expressed.
Cost of the appeal is hereby taxed against the defendant-appellee; all other costs are to await final determination of the cause.
Reversed and remanded.